## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GARY S. HUNTER

     Plaintiff

v.

TERESA W. MURRAY

     Defendant

Case No. 1:05cv02016

Judge Richard J. Leon

## MOTION TO MODIFY CASE MANAGEMENT ORDER

Teresa W. Murray, Defendant, by Shirlie Norris Lake and Eccleston and Wolf, P.C., her attorneys, moves, pursuant to Fed. R. Civ. Pro 7 (b) and LCvR7 for an Order modifying the Case Management Order filed in the above captioned case on October 14, 2005. The grounds for this Motion are as follows:

1. This case is a legal malpractice action by Mr. Hunter against his former attorney, Ms. Murray.

2. On October 14, 2005, this Court issued a Case Management Order.

3. The aforesaid Order directed Plaintiff, Mr. Hunter, who is appearing in proper person, to "immediately serve this Order on all parties…."

4. Plaintiff failed to serve the Case Management Order on Defendant, Ms. Murray, or on undersigned counsel for Ms. Murray.

5. Defendant and her counsel were unaware of the Case Management Order until January 31, 2006 when a docket inquiry revealed that it had been filed on October 14, 2005.

6. By the time undersigned counsel discovered the Case Management Order, the deadlines set forth in that Order for the parties to meet and confer and to submit a Joint Meet and Confer Statement and proposed Scheduling Order had passed.

7. Although Plaintiff was aware of the Case Management Order, he made no attempt to contact undersigned counsel to meet and confer as required by that Order, nor did he take any steps to timely file the Report with this Court as is his duty under LCvR 16.3(d).

8. Prior to Mr. Hunter filing this malpractice case, Ms. Murray, his former attorney, through her counsel, Bernard Dorsey, Esquire, filed suit against Mr. Hunter for attorney's fees in the District Court of Maryland for Baltimore City, Case No. 01010-025577-2005 ("the fee suit").

9. The fee suit was scheduled for trial on December 7, 2005, and prior to the beginning of the trial, the Judge requested that counsel and Mr. Hunter attempt to resolve both the fee suit and malpractice case.

10. After some negotiation, a settlement was reached by which Ms. Murray agreed to compromise her fees and accept $16,500.00, and Mr. Hunter agreed to pay Ms. Murray $16,500.00 on or before January 15, 2006. In addition, the settlement included an agreement by Mr. Hunter to execute a Stipulation of Dismissal With Prejudice of the above captioned case and to execute, on or before January 15, 2006, a Mutual Release and Agreement to be prepared by undersigned counsel for Ms. Murray. A copy of the Stipulation of Settlement signed by Mr. Hunter and Ms. Murray and approved by the Court on December 7, 2005 is attached hereto as Exhibit 1.

11. Subsequently, by letter dated December 13, 2005, undersigned counsel confirmed the settlement with Mr. Hunter and provided him the originals of the Stipulation of Dismissal With

Prejudice of the above captioned case and the Mutual Release and Agreement for execution. A copy of the letter dated December 13, 2005, with enclosures is attached hereto as Exhibit 2.[1]

12. Although Mr. Hunter made payment to Ms. Murray of the compromised fees in the amount of $16,500.00 by January 15, 2006 and has agreed to execute the Stipulation of Dismissal With Prejudice of the above captioned case, he has, to date, refused to execute the Mutual Release and Agreement which was a further condition of the settlement.

13. Mr. Dorsey, counsel for Ms. Murray in the fee suit, has been communicating with Plaintiff with regard to this matter in an attempt to convince him to execute the Mutual Release and Agreement as he agreed to do.

14. If Plaintiff continues in his refusal to execute the Mutual Release and Agreement, a Motion to Enforce Settlement will be filed with the District Court for Baltimore City.

15. In view of the fact that it is likely the above captioned case will be dismissed with prejudice as part of the settlement reached last December, Defendant respectfully requests that the Case Management Order be suspended for sixty (60) days.

WHEREFORE, it is respectfully requested that the Case Management Order dated October 14, 2005 be suspended for sixty (60) days.


_____
Shirlie Norris Lake (DC Bar No. 454327)
ECCLESTON AND WOLF, P. C.
729 E. Pratt Street, 7th Floor
Baltimore, MD 21202-4460
(410) 752-7474
*Attorneys for Teresa W. Murray*

---

[1] The Stipulation sent to Mr. Hunter on December 13, 2005 did not include a signature line for the Court's approval because undersigned counsel did not know that this was a chambers requirement set forth at No. 9 of the Case Management Order which had not been received. The Stipulation will be revised to add the signature line for the Court.

## STATEMENT OF POINTS AND AUTHORITIES
### (LCvR 7)

1. Fed. R. Civ. Pro 7(b).

2. LCvR 7.

3. LCvR 16.3.

4. October 14, 2005 Case Management Order.

_____
Shirlie Norris Lake

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _____2nd_____ day of _____February_____ 2006, a copy of

the aforegoing Motion to Modify Case Management Order was mailed, postage prepaid to:

Gary S. Hunter
179 Reservoir Street
Baltimore, Maryland  21217

N. Bernard Dorsey, Jr.
The Dorsey Law Center, PC
2 Wisconsin Circle, Ste. 700
Chevy Chase, Maryland  20815
(202) 291-0501

_____
Shirlie Norris Lake